# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | | |
|---|---|---|
| **ROSEMARY GUNNING & STEPHEN GUNNING** | * | **CIVIL ACTION NO.  16-1763** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **PARISH OF FRANKLIN ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are two motions to dismiss for failure to state claim upon which relief can be granted, [docs. #3, #6], filed by Defendants Police Jury of Franklin Parish (incorrectly named as "Parish of Franklin") and Franklin Parish Sheriff's Office. For reasons explained below, it is recommended that both motions be **GRANTED** and that Plaintiffs' claims be **DISMISSED WITH PREJUDICE**.

## Background

On December 27, 2016, Plaintiffs Rosemary Gunning and Stephen Gunning filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 against the Police Jury of Franklin Parish (incorrectly named as "Parish of Franklin"), Franklin Parish Sheriff's Office, Franklin Parish Sheriff Kevin Cobb, Franklin Parish Deputy Sheriffs Damon Emfinger and Austin Warner, and Franklin Parish Auxiliary Deputy Sheriff Danny Posey. [doc. #1].

According to the Complaint, on December 24, 2015, Plaintiffs' son, Schuylar Gunning ("Gunning"), left their home in Baton Rouge and was traveling to Monroe, Louisiana. *Id.* ¶ 13. Defendant Cobb initiated pursuit after he observed Gunning driving at a high rate of speed and ignoring traffic controls. *Id.* ¶ 14. Attempting to stop Gunning's vehicle, Defendants Posey and Cobb "forced the vehicle into the median on several occasions," and "fired their service weapons at the vehicle". *Id.* ¶ 15. At least twenty-one bullets were fired into Gunning's vehicle, two of

which struck Gunning in the back and killed him. *Id.*

Plaintiffs assert that the Defendant deputies violated Gunning's Fourth Amendment right to be free from excessive force. As the complaint relates to the moving Defendants, Plaintiffs state that "Defendant Deputies unjustifiably shot Plaintiffs' decedent, did not come to his aid, and followed with a perfunctory investigation" as a "direct and proximate result" of the "omissions, systemic flaws, policy, practices and customs" of the Police Jury of Franklin Parish, the Franklin Parish Sheriff's Office, and Sheriff Cobb. *Id.* at ¶ 23. Plaintiffs further argue that the movants "were reckless, negligent, and deliberately indifferent in their training, hiring and supervision of their deputies, including the Defendant deputies with respect to the use of force against citizens and the recognition and preservation of the civil and constitutional rights of citizens." *Id.* at  ¶ 24. Plaintiffs also contend that the movants "promoted and enabled procedures permitting the types of actions taken by the Defendant Deputies," resulting in Gunning's death and the violation of his civil rights. *Id.* at  ¶ 25.

In addition to their § 1983 claims, Plaintiffs assert causes of action under Louisiana Civil Code article 2315 for battery and general negligence, as well as negligent hiring, training, supervision and retention of the Defendant deputies.  *Id.* at  ¶¶ 30-34.

On January 13, 2017, the Police Jury of Franklin Parish filed a motion to dismiss asserting that, as a separate and independent political division from the Sheriff's Office, it does not direct or control the Sheriff or his deputies, and is not vicariously liable for wrongful conduct on their part. [doc. #3-1, pp. 5-6]. On January 18, 2017, the Franklin Parish Sheriff's Office filed a motion to dismiss arguing that it is not a legal entity capable of suing or being sued. [doc. #6]. Both motions are unopposed. *See* docs. #4, #7.

These matters are now before the Court.

**Standard of Review**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal,* 556 U.S. at 678. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556.

In deciding whether the complaint states a valid claim for relief, a court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). However, the same presumption does not extend to legal conclusions. *Iqbal,* 556 U.S. at 678. A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 678. A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly,* 550 U.S. at 556. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted).

<u>Analysis</u>

## I.     Franklin Parish Sheriff's Office

The Franklin Parish Sheriff's Office argues that it is not a legal entity capable of suing or being sued. Capacity to sue or be sued is determined "by the law of the state where the court is located". FED. R. CIV. P. 17(b)(3). To enjoy the capacity to be sued under Louisiana law, an entity must qualify as a "juridical person." *Dejoie v. Medley*, 945 So.2d 968, 972 (La. App. 2d Cir.2006) (citations omitted). Under the Louisiana Civil Code, a juridical person is ". . . an entity to which the law attributes personality, such as a corporation or partnership." LA. C. C. art. 24.

Courts hold uniformly that sheriff's *offices* or sheriff's *departments* (as opposed to the sheriff him or herself) are not juridical entities capable of being sued. *Price v. Orleans Parish Sheriff's Office*, No. 15-5461, 2016 WL 6477035, *2 (E.D. La. July 22, 2016); *Sipes v. City of Monroe*, No. 11-1668, 2013 WL 1282457, at *3 (W.D. La. Mar. 28, 2013) (collecting cases).

Accordingly, it is recommended that the motion to dismiss filed by the Franklin Parish

Sheriff's Office, [doc. #6], be GRANTED and Plaintiffs' claims against it be DISMISSED WITH PREJUDICE. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311 (5th Cir. 1991) (affirming district court's dismissal of a defendant, with prejudice, because it could not be sued as an independent entity).

## II.      Police Jury of Franklin Parish

The Police Jury of Franklin Parish asserts that it is a separate and independent political division from the Sheriff's Office, and, as such, it does not direct or control the Sheriff or his deputies and is not vicariously liable for their wrongful conduct. [doc. #3].

To impose § 1983 liability against a government entity for the misconduct of one of its employees or officers, plaintiffs must demonstrate that the constitutional deprivation was caused by a policy or custom of the entity. *Kohler v. Englade*,  470 F.3d 1104, 1115 (5th Cir. 2006) (citing *Monell v. N. Y. City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978)). Specifically, a plaintiff must identify (a) a policymaker, (b) an official policy or custom or widespread practice, and (c) a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694. "In a Section 1983 case, the burden of proving the existence of an unconstitutional municipal policy or established custom rests upon the plaintiff." *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989).

Many courts have recognized that, in Louisiana, the sheriff in his official capacity is the appropriate governmental entity on which to place responsibility for the torts of a deputy sheriff, and therefore, parishes cannot be vicariously liable under state law or pursuant to *Monell* for the actions of the sheriff and his or her deputies. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 469 (5th Cir. 1999); *Quatrevingt v. Thibodeaux*, No. 10-4047, 2011 WL 2182104, at *2 (E.D. La. May 2, 2011), *R&R adopted*, 2011 WL 2182069 (E.D. La. June 2, 2011); *Kraft v. Lee*, No.

06-2846, 2006 WL 3395592, at *2-*3 (E.D. La. Nov. 22, 2006) ("In Louisiana, a parish sheriff

occupies a constitutional office which exists and functions independently of the governing body

of the parish. Thus, a parish government has no authority over a parish sheriff or, by extension,

his deputies."); *Broussard v. Boudin*, No. 03-3040, 2004 WL 223984, at *1 (E.D. La. Jan. 29,

2004).[1]

Accordingly, it is recommended that the motion to dismiss filed by the Police Jury of

Franklin Parish, [doc. #3], be GRANTED and Plaintiffs' claims against it be DISMISSED WITH

PREJUDICE.

### Conclusion

For the above assigned reasons,

**IT IS RECOMMENDED** that the motions to dismiss for failure to state a claim upon

which relief can be granted filed by Defendants, Police Jury of Franklin Parish and Franklin

---

[1] For purposes of *Monell* liability, "[t]he final policymaker is the official or body upon whom state or local law has conferred the power to adopt rules governing the conduct of the entity's employees; merely granting an employee discretionary authority does not make the employee a final policymaker." *Lee v. Morial*, No. 99-2952, 2000 WL 726882, at *2 (E.D. La. June 2, 2000). As stated above, generally, parishes cannot be vicariously liable pursuant to *Monell* for the actions of the sheriff and his or her deputies.

Citing to no authority or specific policies, Plaintiffs allege that the movants
> had a long standing custom, policy or practice of allowing the police officers of the Franklin Parish Sheriff's Office to use excessive force and physical abuse, when arresting or investigating suspects, which led directly to unconstitutional acts, under color of law, which were directed to the Plaintiffs' decedent and resulted in the violation of decedent's state and federal rights.

[doc. #1, ¶¶ 5-6]. In its motion to dismiss, the Police Jury states that it does not control or direct the operations of the sheriff or his deputies, and it does not control law enforcement activities. [doc. #3-1, p. 6]. Moreover, Plaintiffs' own complaint states that Sheriff Kevin Cobb "*had supervisory and policymaking control* over the deputies named herein as Defendants . . . ." [doc. #1, ¶ 7] (emphasis added). Considering their lack of opposition to these motions, the Court finds that Plaintiffs have failed to carry their burden that the alleged constitutional deprivations in this case were caused by a policy or custom of the Police Jury.

Parish Sheriff's Office, [docs. #3, #6],  be **GRANTED** and Plaintiffs' claims be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 14th day of February 2017.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

7